# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2180V

| | |
|---|---|
| DONNA JACKSON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: June 10, 2024 |

*Jenifer Marie Placzek, Placzek Winget & Placzek, Springfield, MO, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 17, 2021, Donna Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 29, 2020. Petition, ECF No. 1. On December 21, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $6,935.40 ($6,885.00 in fees plus $50.40 in costs) incurred by Petitioner's attorney of record, Jenifer M. Placzek. Additionally, Petitioner requests a total of $17,165.56 representing ($15,207.17 in fees plus $1,958.39 in costs) incurred by Petitioner's former counsel, Scott R. Pettit. Application for Attorney's Fees and Costs ("Motion") filed February 5, 2024 (ECF No. 44). Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 43.

Respondent reacted to the motion on February 12, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3 (ECF No. 45). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the hourly rate of $425 for 2023 work performed by attorney Jenifer M. Placzek, and $350 per hour for 2022-23 work performed by attorney Scott R. Pettit. ECF No. 44-1 at 4-8. I find these rates to be reasonable and consistent with my prior determination and shall therefore be awarded herein.

However, the requested hourly rate of $200 for attorney Aaron Hadlow for time billed in the 2021-23 timeframe requires adjustment. ECF No. 44-2. Attorney Hadlow has been licensed since 2018 (ECF No. 44-2 at 1), placing him in the rage of attorneys with 4 – 7 years' experience based on the OSM Attorneys' Fees Schedules.[3] (I incorporate by reference all of the explanatory notes contained in these rate schedules). But Mr. Hadlow is not admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

Accordingly, all time billed by Mr. Hadlow must be compensated at non-attorney rates. **I shall instead award Mr. Hadlow the lesser rate of $172 per hour for all time billed in the 2021-23 timeframe.** This results in a reduction of the amount of fees to be awarded of **$527.80**.[4]

## ATTORNEY COSTS

Petitioners request $2,008.79 in overall litigation costs. ECF No. 44-2 at 9-29. This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. The majority of these costs are reasonable, with the exception of $250.00 in Estate Planning costs that are not eligible for compensation in the Vaccine Program. The Vaccine Act limits the amount of "compensation to cover petitioner's… costs" to those

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: http://www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as: ($200 - $172 = $28 x 18.85 hrs. = $527.80)

"*incurred* in any proceeding on [a Vaccine Act] petition." Section 15(e)(1). The costs of a "service" performed by another court, provider or other professional were incurred 'on a petition' and 'in prosecuting the petition' *only* if the service was ordered by this court and accomplished as part of the process of providing reasonable compensation to petitioner. *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *22 (2004). Thus, costs associated with the preparation of estate planning documents for Petitioner is not a reimbursable expense in the Vaccine Program unless specifically ordered by this Court. **Accordingly, I hereby reduce the requested costs by $250.00.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$23,323.16** as follows:

- **A lump sum of $6,935.40 (representing $6,885.00 in fees plus $50.40 in costs) in the form of a check jointly payable to Petitioner and Petitioner's counsel of record: Jenifer M. Placzek; and**

- **A lump sum of $16,387.76 representing ($14,679.37 in fees plus $1,708.39 in costs) in the form of a check jointly payable to Petitioner and Petitioner's former counsel: Scott R. Pettit.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.